■ In the Matter of the Claim of ANTHONY A. AMATO, JR., Respondent, v. AGWAY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— SWEENEY, J. Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board determining that claimant's disability was causally related to an industrial accident of May 26, 1965, aggravated by a September, 1965 recurrence at home; that his disability subsequent to September 24, 1965 was causally related in equal degree to both accidents. It is conceded that claimant injured his back in an industrial accident on May 26, 1965 and sustained a further back injury at home on September 24, 1965. It is the contention of the appellants that there is no substantial medical evidence to support the board's finding that the accident of September 24, 1965 was a consequential accident being due to a recurrence of the back injury received in May. We cannot agree. Dr. Ruszkowski, who treated claimant immediately after the September incident, testified that the second accident aggravated the injuries received in May. That the May accident was the type which provoked further trouble. That the claimant gave a history of continued back pain up to the time of the second accident. That in the doctor's judgment the "twisting injury under heavy weight" in May caused a herniated disc which was aggravated by the September accident. This was concurred in by Dr. Mindell. (Cf. *Matter of Pardo* v. *Dave's Trucking Co.*, 28 A D 2d 750.) While there was contrary medical opinion, a question of fact was created which was in the province of the board to decide. (*Matter of Currie* v. *Medical Coaches*, 32 A D 2d 594.) Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Sweeney, J.